# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 14-1147V
### Filed: August 6, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THALIA MONSHA STALLWORTH | \* | |
| LEWIS, as personal administrator of the | \* | |
| Estate of ALTON JEROME LEWIS, | \* | |
| deceased, | \* | |
| | \* | |
| Petitioner, | \* | Joint Stipulation on Damages; |
| | \* | Influenza ("Flu") Vaccine; Guillain- |
| | \* | Barre Syndrome ("GBS"); |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Milton Clay Ragsdale, IV, Birmingham, AL, for petitioner.*
*Gordon Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Chief Special Master:

On November 25, 2014, Thalia Monsha Stallworth Lewis, as the personal administrator of the Estate of Alton Jerome Lewis ["Mr. Lewis"], deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as the result of an influenza ["flu"] vaccination on September 4, 2013, Mr. Lewis suffered Guillain-Barre Syndrome ["GBS"] and death. Petition at 1; Stipulation, filed August 5, 2015, ¶¶ 2, 4. Petitioner further alleges that she has filed no other action on behalf of Mr. Lewis, and has received no prior award or settlement on behalf of Mr. Lewis for his

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

injury and death. Petition, ¶ 10; Stipulation, ¶5. "Respondent denies that the flu vaccine caused Mr. Lewis' alleged GBS, any other injury, or death."   Stipulation, ¶ 6.

Nevertheless, the parties have agreed to settle the case.  Stipulation, ¶ 7.  On August 5, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioner as follows:

a. A lump sum of $ 1,184.00, representing reimbursement for past medical expenses that remain due, in the form of a check payable jointly to petitioner and

University of Alabama Hospital
Patient Financial Services
Attn: Thomas Elmes
619 S. 19th Street, POB 308
Birmingham, AL  35249-6510

Petitioner agrees to endorse this check to the Hospital; and

b. A lump sum of $275,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Alton Jerome Lewis.


This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

THALIA MONSHA STALLWORTH
LEWIS, as personal administrator of the
Estate of ALTON JEROME LEWIS,
deceased,

        Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 14-1147V
Chief Special Master Vowell
ECF

<u>STIPULATION</u>

The parties hereby stipulate to the following matters:

1. Thalia Monsha Stallworth Lewis ("petitioner"), as the personal administrator of the Estate of Alton Jerome Lewis ("Mr. Lewis"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Lewis' receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Lewis received his flu vaccination on or about September 4, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Lewis suffered Guillain-Barre syndrome ("GBS"). Mr. Lewis passed away on September 27, 2013. Petitioner further alleges that Mr. Lewis' death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Lewis as a result of his alleged condition or death.

6. Respondent denies that the flu vaccine caused Mr. Lewis' alleged GBS, any other injury, or death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.      A lump sum of $1,184.00, representing reimbursement for past medical expenses that remain due, in the form of a check payable jointly to petitioner and

> University of Alabama Hospital
> Patient Financial Services
> Attn: Thomas Elmes
> 619 S. 19th Street, POB 308
> Birmingham, AL 35249-6510

Petitioner agrees to endorse this check to the Hospital; and

    b.      A lump sum of $275,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Alton Jerome Lewis. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items of services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Lewis' estate under the laws of the State of Alabama.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of Mr. Lewis' estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Mr. Lewis' estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Alton Jerome Lewis upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as the legal representative of Mr. Lewis' estate, on behalf of Mr. Lewis' heirs, executors, administrators, successors and/or assigns, does forever irrevocably and

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Lewis resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 4, 2013, as alleged in a petition for vaccine compensation filed on or about November 25, 2014, in the United States Court of Federal Claims as petition No. 14-1147V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Lewis' alleged GBS or any other injury, or his death.

17.  All rights and obligations of petitioner in her capacity as the Personal Administrator of the Estate of Alton Jerome Lewis shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Thalia Monsha Stallworth*
THALIA MONSHA STALLWORTH LEWIS

**ATTORNEY OF RECORD FOR
PETITIONER:**

M. Clay Ragsdale
Ragsdale LLC
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 290-6800

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: August 5, 2015