# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1147V
Filed: October 27, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| THALIA MONSHA STALLWORTH LEWIS, as personal administrator of the Estate of ALTON JEROME LEWIS, deceased, | * * * * * |
| Petitioner, | * |
| v. | * |
| | * Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * |
| Respondent. | * * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Milton Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for petitioner.
*Gordon Shemin*, U.S. Department of Justice, Washington, DC, for respondent.


### DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On November 25, 2014, Thalia Monsha Stallworth Lewis, as the personal administrator of the Estate of Alton Jerome Lewis ["Mr. Lewis"], deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that as the result of an influenza ["flu"] vaccination on September 4, 2013, Mr. Lewis suffered Guillain-Barre Syndrome ["GBS"] and death. Petition at 1. On August 6, 2015, a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

decision awarding compensation to petitioner based on the parties' stipulation was issued.

On October 27, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $23,500.00 for attorney's fees and costs and $58.60 for petitioner's out-of-pocket litigation expenses. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $58.60 in out-of-pocket expenses in this case. Stipulation, ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The proposed amount is reasonable.

**Accordingly, I award the total of $23,558.60[3] as follows:**

**1.  a check in the amount of $23,500.00 jointly payable to petitioner and petitioner's counsel M. Clay Ragsdale and**

**2. A check in the amount of $58.60 solely payable to petitioner.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
**Nora Beth Dorsey**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).